UNITED STATES of America,
Plaintiff,

v.

Mrs. Frances Elizabeth L. CART-
WRIGHT, Fred Fomby, Frank Strong,
as Registrars of Voters of Elmore
County, Alabama, and State of Ala-
bama, Defendants.

Civ. A. No. 1957–N.

United States District Court
M. D. Alabama, N. D.
June 17, 1964.

Ben Hardeman, U. S. Atty., Mont-
gomery, Ala., Arvid A. Sather and David
L. Norman, Attys., Dept. of Justice,
Washington, D. C., for plaintiff.

Glen Curlee, Circuit Sol., Wetumpka,
Ala., and Joe Macon, County Sol., We-
tumpka, Ala., for defendant registrars.

Leslie Hall, Asst. Atty. Gen., State
of Alabama, Montgomery, Ala., for de-
fendant State of Alabama.

JOHNSON, District Judge.

This action was instituted on July
19, 1963, by the Attorney General in
the name of the United States pursuant
to the provisions of Part IV of the Civil
Rights Act of 1957 (42 U.S.C.A. § 1971,
71 Stat. 637) as amended by the Civil
Rights Act of 1960 (74 Stat. 90). The
State of Alabama is joined as a party
defendant pursuant to 42 U.S.C.A. §
1971(c); the individual defendants are
joined as members of the Board of Reg-
istrars of Elmore County, Alabama. The
plaintiff seeks to have this Court grant
injunctive relief against certain acts and
practices committed and followed by the

defendants which have deprived citizens of the United States residing in Elmore County, Alabama, of the right to register to vote without discrimination because of race or color. The plaintiff also seeks to have this Court issue such additional orders as will insure the fair, equal and nondiscriminatory administration of voting registration procedures and standards in Elmore County, Alabama.

The case was submitted to this Court, sitting without a jury, on the issues made up by the pleadings and proof. Upon consideration of the credible evidence (consisting of the oral testimony of numerous witnesses, together with exhibits thereto), the stipulations of the parties, the several interrogatories and responses thereto, and the briefs and arguments of the parties, this Court now proceeds to make and enter the appropriate findings of fact and conclusions of law, and, as authorized by Rule 52, Federal Rules of Civil Procedure, incorporates said findings and conclusions in this memorandum opinion.

The right to vote in Alabama is governed by both constitutional and statutory provisions. This litigation does not involve the constitutionality of any of those laws.

Under the Constitution of Alabama, § 178, registration is a prerequisite to voting in any election. The registration of voters is to be conducted in each county, separately, by a Board of Registrars appointed by the Governor, Auditor, and Commissioner of Agriculture and Industries. Title 17, § 21, Code of Alabama 1940, Recompiled. Section 21 of the same title states that each Board is to have three members, and § 34 authorizes the functions to be carried out by a majority of the Board. The substantive qualifications for registration to vote under Alabama law are generally as follows:

(1) The applicant must be a citizen and twenty-one years of age or older;

(2) The applicant must have resided in the State one year, in the county six months, and in his voting precinct three months prior to any election in which he seeks to vote;

(3) The applicant must be able to read and write;

(4) The applicant must be of good character and must embrace the duties and obligations of citizenship;

(5) The applicant must not be possessed of any of the disqualifications, such as being insane or having been convicted of any of several enumerated crimes.

In processing applications for registration to vote, the Board of Registrars may make such rules and regulations as it deems proper for the receipt of applications for registration. The statutes provide for the times and places for conducting the registration of voters. In general, for Elmore County the Board is authorized to meet on the first and third Mondays of each month, with additional days specified for certain periods in even numbered and odd numbered years. The Constitution and laws of Alabama provide that each applicant shall be furnished a written questionnaire by the Board of Registrars, the form and content of which is to be prescribed by the Supreme Court of Alabama; the questionnaire is to be answered in writing by the applicant without assistance in the presence of the Board, the purpose of the questionnaire being to assist the registrars in determining whether or not the applicant possesses the requisite qualifications. (Title 17, § 31, Code of Alabama; see also § 181, Amendment XCI, Constitution of Alabama.)

During the period from about January 1952 to February 1964, the Boards of Registrars throughout the State of Alabama used a four-page application form prescribed by the Supreme Court of Alabama. On January 14, 1964, the Supreme Court of Alabama prescribed a new application form and questionnaire to be used by the Boards. Incorporated in the questionnaire is an oath to support and defend the Constitution of the United States and the Constitution of Alabama; the answers to the questionnaire and the

oath are to be duly signed and sworn to by the applicant *before a member of the Board of Registrars*.[1] This new form was first used by the Board in Elmore County on February 17, 1964, and requires that the applicant provide more detailed personal information. It also differs from the earlier form in that it provides four questions to be answered by the applicant relating to his knowledge of government and provides excerpts from the Constitution that are to be read by the applicant to a registrar; the applicant is also required to write several words as dictated by a registrar. Different tests are used each month for the "knowledge of government" and reading examination.

The current Board of Registrars for Elmore County, Alabama, is composed of Frank Strong, Fred Fomby, and Frances Elizabeth L. Cartwright. Registrar Strong, the present chairman, has served as a member of the Board continuously since 1959; he is a farmer, with a high school education. Registrar Fomby has been a member of the Board since October 1963; he is a farmer and a bus driver, with a tenth grade education. Registrar Cartwright, a member of the Board since October 1963, has a high school education.

On October 24, 1963, the United States filed a "records examination" motion pursuant to Title III of the Civil Rights Act of 1960. This demand was predicated upon the allegation that the Attorney General of the United States had information tending to show discrimination on the basis of race or color which had been made with respect to registration for voting in Elmore County, Alabama. The defendants, through their counsel and pursuant to State of Alabama ex rel. Gallion v. Rogers and In re Crum Dinkins (consolidated), 187 F.Supp. 848 (M.D.Ala.1960), aff'd, 285 F.2d 430 (5th Cir. 1961), produced for plaintiff's copying and inspection, the available voter registration records. However, a large number of the records were not available since the Board of Registrars of Elmore County, Alabama, contrary to Federal law, had burned all accepted applications filed prior to June 1961, with the exception of those filed in May 1960; they also had burned the rejected applications filed prior to November 1959.[2]

Elmore County, Alabama, has a voting-age population of 17,318, of which 12,510 are white persons and 4,808 are Negroes. As of December 3, 1963, 11,134 (89.0%) of the white persons and 363 (7.5%) of the Negroes were registered. Since December 1, 1959, the Board has processed 2,388 applications filed by white persons, of which 2,277 were accepted and registered to vote. The Board rejected 111 applications filed by white persons, or 4.6% of those filed. During this same period 240 applications were filed by Negroes; of these, only 16 were accepted, the Board rejecting 224, or 93.3% of those filed. From October 1, 1963 to February 29, 1964, the Elmore County Board of Registrars has registered 7 Negroes and approximately 772 white persons. During this same period the Board has rejected approximately 40 applications filed by Negroes. Most of these rejected applications show the

---

1. The questionnaire used by the Boards of Registrars prior to February 1964, contained a supplemental oath in addition to the oath to support and defend the Constitution of the United States and the Constitution of Alabama.

2. It is significant that on June 27, 1961, agents of the Federal Bureau of Investigation told Registrar Strong that an investigation was being conducted into possible discrimination in the voter registration process in Elmore County, Alabama. Strong admits that he and Registrar Sanford carried the records to the city garbage dump where, according to Strong, Sanford set them on fire. They burned all application forms over thirty days old. No application forms appear for May 15, 1961, but do appear for June 6, 1961. It follows, therefore, that the records were burned during the period June 14 to July 6, 1961. Public Law 86–449, Title III, § 301, May 6, 1960 (42 U.S.C.A. § 1974) specifically requires the retention and preservation of these registration records.

applicants to be possessed of qualifications for registration to vote as required by the law of the State of Alabama. Included among these rejected applicants are at least 10 Negro school teachers.

■ This Court finds from the evidence in this case that during the entire period from December 1, 1959 to the trial of this case in March 1964, the defendant registrars and their predecessors in office engaged in racially discriminatory acts and practices in conducting the registration of voters in Elmore County. These acts and practices consist of the use of the application form as a strict examination or test for Negro applicants, but not for white applicants. This has resulted in the denial of registration to Negroes because of technical and inconsequential errors and omissions. The defendant registrars and their predecessors in office have followed a practice of rendering reasonable assistance to white applicants in completing their applications or of permitting other persons to render such assistance. This Court would not criticize or condemn such a practice if the registrars had rendered the same type of assistance, or had permitted others to do so, to all applicants regardless of their race or color.[3]

This Court further finds that the defendant registrars and their predecessors in office have a practice of rejecting Negro applicants for their failure to sign the oaths. The registrars have instructed the white applicants to sign the oaths,

3. Oscar D. Cook, Jr., is a 23-year-old Negro who has resided in Elmore County, Alabama, all his life. He has served three years in the United States Army, and has completed two years of college. In March 1962 and in February 1964 he applied for registration and was rejected both times. He was rejected in February 1964 because he failed to state the date that he became a resident of Precinct 18; this information was readily available to the Board. Helen Long is a 31-year-old Negro school teacher, with a B. S. degree, who has lived in Elmore County, Alabama, all her life. She has applied twice for registration to vote and has been rejected twice, even though both applications reflect that she is qualified to vote. Although the Board knew she was a school teacher in the Elmore County school system, she was refused registration because of some inconsequential and technical mistake. Samuel Carr, Jr., is a 33-year-old Negro school teacher, with a B. S. degree, who has resided in Elmore County, Alabama, all his life. He has served two years in the military. Since June 1961 he has applied five times for registration to vote in Elmore County. Each time he has been rejected although the information listed on his applications shows that he meets all the qualifications for registration to vote. Walter Long is a 31-year-old Negro who has been a resident citizen of Elmore County all his life. He has a B. S. degree and has served two years in the armed forces. In June 1963 he was rejected for a minor error.

Compare with this the Board's actions with reference to white applicants. As to the applications of Willie and Cecil Weldon, both of whom are white, the evidence reflects that when Mrs. Weldon asked the Board member whether she could fill out her husband's form, he granted her permission to do so. She further testified that when she had a problem with a question, she would ask the registrar for help, and he would give her the necessary information. Thomas Wilkins, a 47-year-old white man, with a fourth grade education, who cannot readily read or write, had his sister fill out his application for him in the registrar's office. Ruby Barringer is a white person, with a tenth grade education. When she turned in her application form to the registrar, he told her it was incomplete. After receiving this information, she completed the form and received a certificate of registration. Joseph C. Wingard is a white citizen of Elmore County, Alabama, with a second grade education. On receiving his application from the Board of Registrars, he went into the hallway of the court-house where his wife filled out his form for him. James W. Barrington, a white man, with a sixth grade education, had his application form filled out by his son, with the permission of a registrar—the son furnishing some of the information. Paul Furrow, a white man, who registered in September 1963, had his wife fill out his application for him in the office of the Board of Registrars.

These are but a few examples of the discriminatory treatment, as reflected by the evidence in this case, which require the factual findings as herein made.

but have failed to so instruct the Negro applicants. This Court further finds that the defendant registrars have not notified rejected Negro applicants of the fact that they were rejected,[4] or the reason for their rejection, and that the rejected Negro applicants have been required to wait ninety days before they could reapply for registration.

From January 1952 to November 1959, the defendants and their predecessors in office registered 4,591 white persons and 326 Negroes. The difference between the number of white persons and Negroes who were registered grew out of the discrimination practiced by the Elmore County Board of Registrars and their predecessors in office in the registration of voters. This Court further specifically finds that the defendants and their predecessors in office have engaged in the discriminatory acts and practices heretofore enumerated—these acts and practices depriving Negro citizens of Elmore County of their right to register to vote without discrimination because of their race or color—and that such discriminatory acts and practices have been, and are, pursuant to a pattern and practice of racial discrimination.

■ This Court concludes that the acts and practices of the defendant registrars (1) in using the application form as a strict examination for Negro applicants, but not for white applicants for registration; (2) in denying registration to Negro applicants on the ground that they made errors or omissions in completing their application forms, where, despite these errors and omissions, their applications show them to possess all the substantive qualifications and none of the disqualifications to register to vote under the laws, customs and standards as established for white applicants; (3) in failing to give reasonable assistance to Negro applicants in filling out their application forms in the same manner and to the same extent that white applicants have been given

such assistance; (4) in denying registration to Negro applicants on account of the inadvertent failure by such applicants to sign the oaths, thereby failing to discharge their duty as registrars to administer the oaths; (5) in failing and refusing to notify Negro applicants for registration of the action taken on their applications and the specific reason for their rejection, are each in violation of 42 U.S.C.A. § 1971(a) and the Fourteenth and Fifteenth Amendments to the Constitution of the United States. This Court further concludes that the defendants' use of three new tests as voter registration qualifications in Elmore County, Alabama, commencing in February 1964 (which tests require all future applicants for registration in Elmore County to demonstrate their knowledge of government, their ability to read from portions of the Constitution of the United States, and their ability to write from the dictation of the registrars—tests which were not applied in their approving 95% of the applications of white persons since November 1959) is also in violation of 42 U.S.C.A. § 1971(a) and the Fourteenth and Fifteenth Amendments of the Constitution of the United States—until the prior discrimination and the effect thereof have been eliminated. This is so where (as is clearly established by the evidence in this case) a majority of one race is permanently registered while but a small minority of another race is registered— all because of discriminatory acts and practices by State officials. The State and the defendant registrars may not now adopt new and more stringent registration requirements or standards, the effect of which is to perpetuate past discrimination—until the prior discrimination and the effect thereof have been eliminated. United States of America v. Duke, etc., et al., 5th Cir., 1964, 332 F.2d 759.

■ This Court further specifically finds and concludes that each of the

---

4. This practice makes it impossible for the rejected Negro applicants to appeal to the circuit court from the refusal of the Board to register them.

Negro applicants listed in the appendix attached hereto, who applied for registration to the Board of Registrars of Elmore County, Alabama, since December 1, 1959, was at the time of his application denied registration on account of his race or color, and, further, that each was at the time of his application qualified to register to vote under the laws, practices, customs and standards followed and applied by the Board of Registrars in Elmore County, Alabama, with reference to white applicants. Under 42 U.S.C.A. § 1971(c), this Court is authorized and required to order the defendants to register the specific individuals who have been discriminated against on account of their race or color in violation of the Fifteenth Amendment and 42 U.S.C.A. § 1971(a). United States v. McElveen, D.C., 180 F.Supp. 10; United States v. Thomas, 362 U.S. 58, 80 S.Ct. 612, 4 L.Ed.2d 535; United States v. State of Alabama, D.C., 192 F. Supp. 677; United States v. Penton, D.C., 212 F.Supp. 193 (M.D.Ala.1962); United States of America v. Duke, etc., et al., supra. This Court further concludes that the failure and refusal by the defendants to notify rejected applicants, and/or the arbitrary rejection by the defendants of Negro applicants on technical, insubstantial and inconsequential grounds, constitute a denial of due process of law and a violation of the constitutional rights of such Negro applicants.

The decree that will be issued by this Court pursuant to the findings and conclusions in this opinion will be designed to accomplish three purposes:

(1) To partially correct and rectify the effects of the Board's past discriminatory practices by placing on the registration rolls immediately some of the Negro citizens who were rejected by the Board solely on account of their race;

(2) To forbid and enjoin the continuation of such discriminatory practices;

(3) To establish and keep in effect until further order of this Court the actual "qualification standards" that the Board has used to accept white applicants in the past and to set forth the rules and standards to be followed by the Board in processing applications in Elmore County, Alabama.

A decree will be issued in accordance with the foregoing findings and conclusions.

## APPENDIX

| NAME OF APPLICANT | ADDRESS | FORMAL EDUCATION |
| --- | --- | --- |
| Anderson, Savaris C. | Titus Star Rt. Box 31, Wetumpka | B. S. degree |
| Austin, Laura C. | Rt. 3, Box 262, Wetumpka | Grade school |
| Blair, William T., Jr. | Rt. 4, Box 2, Wetumpka | 4 years of college |
| Blake, Leonard | Rt. 2, Box 186, Wetumpka | 9th grade |
| Blalock, Arthur L. | Tallassee | High school graduate |
| Blalock, Charles C. | P. O. Box 344, Tallassee | 11th grade |
| Bowe, Alfonzo, Jr. | Rt. 1, Box 100, Titus | 9th grade |
| Bowman, Alice | 707 East Main St., Wetumpka | High school graduate |
| Bowman, Sarah L. | P. O. Box 293, Wetumpka | College graduate |
| Bowman, Stokes | P. O. Box 293, Wetumpka | Grade school |
| Bozeman, Elwood | Rt. 2, Box 149, Wetumpka | 8th grade |
| Brown, Eddie R. | Rt. 2, Box 183, Eclectic | 12th grade |
| Buchannon, Emma Jean | Rt. 2, Box 151, Tallassee | 4 years of college |
| Bugg, Portia Ann | Wetumpka | B. S. degree |
| Carr, Samuel, Jr. | Rt. 2, Box 240, Tallassee | B. S. degree |

| NAME OF APPLICANT | ADDRESS | FORMAL EDUCATION |
|---|---|---|
| Chatman, Robert, Jr. | 305 Osceola St., Wetumpka | High school graduate |
| Cook, Frank | 621 Mitchell, Wetumpka | 8th grade |
| Cook, John D. | P. O. Box 135, Wetumpka | 8th grade |
| Cook, Oscar D., Jr. | Rt. 3, Box 366, Wetumpka | 2 years of college |
| Cottrell, Joanna | Rt. 4, Box 129, Wetumpka | Grade school |
| Cox, Ezekiel | Rt. 4, Box 123, Wetumpka | 11th grade |
| Crenshaw, Eloyse | Rt. 3, Box 345, Wetumpka | High school graduate |
| Crenshaw, William L. | RFD 3, Box 345, Wetumpka | Grade school |
| Daniel, James | Rt. 3, Box 273, Wetumpka | High school graduate |
| Daniel, Leola B. | 802 North Bridge St., Wetumpka | B. S. degree |
| Farrow, Doris W. | 406 N. Street, Wetumpka | College |
| Foster, Charlie H., Jr. | P. O. Box 182, Wetumpka | High school graduate |
| Foster, Morris M. | Rt. 1, Box 2, Elmore | 3 years of college |
| Galloway, Annie Mae | Redland Road, Wetumpka | 1 year of college |
| Galloway, McKinley | Rt. 4, Box 285, Wetumpka | 12th grade |
| Geeter, Lydia | Rt. 4, Box 225, Wetumpka | 10th grade |
| Goodman, Nora Alice | 205 E. Osceola St., Wetumpka | High school graduate |
| Goodman, Willie T., Jr. | 205 Osceola St., Wetumpka | High school |
| Graham, Gracie G. | Rt. 4, Box 285, Wetumpka | 9th grade |
| Graves, Milton, Jr. | P. O. Box 114, Elmore | 10th grade |
| Grayson, Horistine | 102 Shelby St., Wetumpka | High school |
| Harris, Annie D. | Rt. 3, Box 270, Wetumpka | A. B. degree |
| Harris, Clarence | Rt. 1, Box 246, Wetumpka | 11th grade |
| Harris, Irene | 910 West Main St., Wetumpka | 12th grade |
| Haywood, Cooley E. | Rt. 1, Box 275, Elmore | 8th grade |
| Haywood, Robert Lee | Rt. 1, Box 169, Elmore | 12th grade |
| Haywood, Sadie C. | Rt. 1, Box 275, Elmore | B. S. degree |
| Henderson, Clorie | Coosada | Grade school |
| Henderson, Delores L. | P. O. Box 108, Millbrook | B. S. degree |
| Henderson, Dorothy | Rt. 1, Box 258, Wetumpka | High school graduate |
| Hooks, Manuel J. | P. O. Box 54, Tallassee | 12th grade |
| Howard, Jack | Tallassee | Grade school |
| Jackson, Cleveland | Rt. 3, Tallassee | High school |
| Jackson, Gertrude B. | Rt. 3, Tallassee | 4 years of college |
| Jackson, Lee A. | Rt. 2, Box 94, Tallassee | Grade school |
| James, Catherine | P. O. Box 524, Tallassee | 9th grade |
| Johnson, Odie | Rt. 1, Wetumpka | Grade school |
| Jones, Jettie M. | Titus Star Rt., Wetumpka | Grade school |
| Jordan, Tommie L. | Rt. 2, Box 150, Wetumpka | 11th grade |
| Kendrick, Catherine | Rt. 2, Wetumpka | Grade school |
| Kendrick, Wallace | RFD 2, Box 103, Wetumpka | Grade school |
| Kimbrough, Doris D. | Rt. 3, Box 267, Wetumpka | B. S. degree |
| Kirkland, Margaret C. | 200 Micanopy St., Wetumpka | 11th grade |
| Long, Helen E. | Rt. 1, Box 180, Millbrook | B S. degree |

| NAME OF APPLICANT | ADDRESS | FORMAL EDUCATION |
| --- | --- | --- |
| Long, Jack, Jr. | Rt. 1, Box 180, Millbrook | High school graduate |
| Long, Walter E. | Rt. 1, Box 175, Millbrook | B. S. degree |
| Lykes, Houston | Rt. 1, Box 33, Titus | High school graduate |
| Lykes, R. E. | Titus | Grade school |
| Martin, Bertha L. | Rt. 1, Box 401A, Tallassee | High school |
| Martin, Robert L. | P. O. Box 471, Tallassee | 12th grade |
| Mason, John H. | Rt. 3, Box 347, Wetumpka | 9th grade |
| Maxey, Amanda | Rt. 1, Box 181, Millbrook | B. S. degree |
| Miliner, Ophelia T. | Rt. 2, Box 300, Tallassee | High school |
| Mitchell, Elizabeth | Rt. 1, Box 301, Tallassee | 10th grade |
| Mitchell, Pauline | 909 Main St., Wetumpka | 9th grade |
| Neely, Mack, Jr. | Titus Star Rt., Box 25, Wetumpka | 9th grade |
| Nolen, Margie Mae | Kellyton Star Rt., Box 12, Wetumpka | Business college |
| Parker, Edward | Rt. 2, Tallassee | High school graduate |
| Parker, James | Rt. 2, Box 229, Tallassee | 10th grade |
| Payne, Lucy P. | P. O. Box 368, Tallassee | College graduate |
| Richardson, Grant | Rt. 4, Wetumpka | 10th grade |
| Richardson, Theodore R. | Rt. 4, Box 42, Wetumpka | 10th grade |
| Roberts, Everdean P. | Rt. 3, Box 92, Wetumpka | College graduate |
| Robinson, Fannie M. | Rt. 2, Box 89, Eclectic | 10th grade |
| Robinson, Lois | Rt. 2, Box 98, Eclectic | Grade school |
| Roper, Jeroline | Rt. 2, Eclectic | High school graduate |
| Rose, James E. | 502½ Cotton St., Wetumpka | High school graduate |
| Skipper, Dan | Rt. 2, Box 4, Tallassee | High school |
| Smith, Ed W. | P. O. Box 261, Tallassee | High school graduate |
| Smith, George Harvey | Wetumpka | High school |
| Smith, Geraldine | Box 265, Wetumpka | B. S. degree |
| Thomas, Clifford | Rt. 2, Box 298, Tallassee | College graduate |
| Thomas, Elijah | Rt. 2, Box 229A, Tallassee | High school graduate |
| Townsend, Lula B. | Box 101, Eclectic | 10th grade |
| Walker, Willie | Titus | Grade school |
| Wheeler, Grover | Rt. 2, Box 159B, Tallassee | Grade school |
| Wheeler, Isabelle | Rt. 2, Box 159B, Tallassee | 10th grade |
| Williams, Clara M. | Rt. 2, Box 183, Eclectic | High school graduate |
| Williams, James | P. O. Box 174, Tallassee | 11th grade |
| Williams, Mary F. | P. O. Box, Central | High school graduate |
| Williams, Mose | P. O. Box 451, Tallassee | 12th grade |
| Williams, Robert Lee | Central | 12th grade |
| Williams, Rock | RFD, Tallassee | Grade school |
| Wilson, Shirley | Rt. 2, Box 186, Wetumpka | B. S. degree |
| Wright, Rev. Roy | Rt. 2, Box 114, Wetumpka | College |
| Wright, Thomas E. | Rt. 2, Box 160A, Wetumpka | 12th grade |
| Zeigler, Bessye L. | P. O. Box 92, Elmore | B. S. degree |